IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02635-GPG

ANDRE JONES,

    Plaintiff,

v.

JERRY SCHIFFELBEIN, Detective, Colorado Springs Police Department,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Andre Jones, is an inmate in the custody of the Colorado Department of Corrections currently incarcerated at the Sterling Correctional Facility.  Plaintiff has filed, *pro se*, a Prisoner Complaint asserting a deprivation of his constitutional rights under 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

**I. Complaint**

In the Nature of the Case section of the Complaint, Plaintiff alleges the following:

On September 9, 2013 in El Paso County, State of Colorado,

> Detective Jerry Schiffelbein knowingly and maliciously arrested [Plaintiff] for an allege crime of violence. Detective Schiffelbein fabricated his narrative report to use the "Good Faith Rule" for probable cause in order to be issued arrest, search, seizure warrants. On December 10, 2013, Judge Barney Iuppa swore Detective Schiffelbein in to be a material witness in court where he knowingly and wantonly committed perjury to bound over for trial. Due to his position as a Peace Officer, Detective Schiffelbein has the ability to influence and deceive the CSPD, District Attorney, Magistrate and the Judge in order to get a conviction. Detective Schiffelbein's action has cause [Plaintiff] to lose his kids, house, job, and his liberties. [Plaintiff] is currently waiting on his appeal, this suit is being brought to hold Detective Jerry Schiffelbein accountable for his actions."

(ECF No. 1, at 3). Plaintiff asserts one claim entitled "18 USCS § 1001(a)(3) False swearing." (*Id.,* at 4). Within this claim, Plaintiff also cites to Colo. Rev. Stat. § 18-8-111(1)© for false reporting, 18 U.S.C. § 1623(a) for false testimony, Color. Rev. Stat. § 18-8-502(1) for perjury, and 42 U.S.C. § 1983 for false statements in connection with establishing probable cause for an arrest. (*Id.,* at 4-6). Plaintiff further contends that Defendant violated the "5th and 14th amendment that guarantees the right as to life, liberty, and property so fundamentally important as to require compliance with the due process standards of fairness and justice." (*Id.,* at 6). As relief, Plaintiff requests declaratory and injunctive relief. (*Id.,* at 8).

## II. Sufficiency of Claims

### A. Fourth Amendment claims

The Court construes Plaintiff's allegations liberally as asserting a § 1983 claim for malicious prosecution (arrested pursuant to legal process - *i.e*, a warrant).

As explained by the Tenth Circuit in *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013):

> Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace* [*v. Kato*], 549 U.S. [384,] 389, 127 S.Ct. 1091 [(2007)] (concluding that false imprisonment

> was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck* [*v. Humphrey*], 512 U.S. [477,] 484, 114 S.Ct. 2364 [(1994)] (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Id.* at 1194. *See also Wilkins v. DeReyes*, 528 F.3d 790, 793-94, 799 (10th Cir. 2008) (concluding that where police officer obtained an arrest warrant for plaintiff based on fabricated evidence gathered by using coercive interrogation techniques and plaintiff challenged his detention after the institution of legal process, the claim that the legal process itself was wrongful stated a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action."); *Mondragon v. Thomas*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim.").

To state an arguable claim of malicious prosecution claim brought under the Fourth Amendment, Plaintiff must allege facts to show that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins*, 528 F.3d at 799. Malice may be inferred if a defendant causes the prosecution without arguable probable cause. *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior). In the Complaint, Plaintiff does not allege that the criminal charges against him have been dismissed, or that he was adjudicated not guilty.

    **B. Application of *Heck v. Humphrey***

In addition, Plaintiff appears to be challenging the validity of his state court conviction by claiming that he was convicted of a criminal charge arising from an unlawful arrest and prosecution. Under *Heck v. Humphrey*, the United States Supreme Court held that a prisoner may not challenge his state criminal conviction in a § 1983 action until the criminal conviction is over-turned. 512 U.S. 477 (1994). Moreover, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff does not allege any facts to show that his criminal conviction was dismissed, reversed on direct appeal, or otherwise vacated. *See Heck,* 512 U.S. at 486-87. Consequently, a § 1983 malicious prosecution claim appears to be barred by *Heck*. *See Callen v. Wyoming Dept. of Corrections*, No. 14-8057, 608 F. Appx 562, 563 (10th Cir. March 30, 2015) (unpublished) (agreeing with the district court that the § 1983 malicious prosecution claim was barred by *Heck*, where there was no indication that plaintiff's conviction had been over-turned). Plaintiff is reminded that if he wishes to challenge the legality of his state law conviction, he may do so in a new proceeding under 28 U.S.C. § 2254, after exhausting available state court remedies.

**C. Due Process claims**

Finally, the Court liberally construes Plaintiff's allegations that Defendant Schiffelbein violated Plaintiff's right to life, liberty, and property as a due process claim. "The Due Process clause of the Fourteenth Amendment does not prohibit the

government from depriving an individual of "life, liberty, or property"; it protects against governmental deprivations of life, liberty, or property "without due process of law." *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir. 1994) (quoting U.S. Const. amend. XIV, § 1).

To the extent, Plaintiff asserts that Defendant Schiffelbein's conduct deprived him of "his liberties," in violation of his due process rights, the factual allegations in the Complaint fall short of stating an arguable constitutional violation. The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). It is well settled that negligence is not sufficient to shock the conscience. *Id*. at 1184. In addition, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir.1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995)). The complained of misconduct by Defendant Schiffelbein is nothing more than conclusory allegations that Defendant Schiffelbein "intentionally or recklessly caused injury to [Plaintiff] by abusing or misusing government power." *Id.*

Because the Complaint is deficient for the reasons discussed above, Plaintiff will be directed to file an amended prisoner complaint. Plaintiff is reminded that to state a claim in federal court, the amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff, Andre Jones, shall file, **within thirty days from the date of this Order**, an amended complaint, on the court-approved Prisoner Complaint form, that complies with the directives in this Order.  It is

FURTHER ORDERED that, if Plaintiff fails, within the time allowed, to file an amended complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED December 8, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge