IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02635-GPG

ANDRE JONES,

     Plaintiff,

v.

JERRY SCHIFFELBEIN, Detective, Colorado Springs Police Department,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND
AMENDED COMPLAINT ON COURT-APPROVED FORM

---

Plaintiff, Andre Jones, initiated this action by filing *pro se* a Prisoner Complaint

asserting violations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.

On December 8, 2015, the Court reviewed the Complaint and determined that it

was deficient because Mr. Jones failed to allege facts sufficient to state an arguable §

1983 claim against Defendant, and his claim appeared to be barred by *Heck v.*

*Humphrey,* 512 U.S. 477 (1994).  The Court directed Mr. Jones to file an amended

complaint, on the court-approved Prisoner Complaint form within thirty days of the

December 8 Order.  Mr. Jones filed an Amended Complaint (ECF No. 6) on January

14, 2016.

The Court must construe the Amended Complaint liberally because Mr. Jones is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file a second amended complaint.

First, Mr. Jones did not file his Amended Complaint on the court-approved Prisoner Complaint form. Mr. Jones must use the court-approved Prisoner Complaint form in filing his second amended complaint.

Second, the allegations in the Amended Complaint are deficient. Mr. Jones alleges the following facts:

> On September 9, 2013 Detective Schiffelbein conspired with DHS to remove and detain Mr. Jones three kids [ ] from there school between the hours of 8am to 3pm without a warrant or probable cause to do so . . . DHS and Detective Schiffelbein intentionally seized Mr. Jones kids without cause, violating Mr. Jones right as a parent to make all necessary decisions regarding the children free from government intervention. Causing emotional anguish and suffering on the children.
>
> On September 9, 2013, Detective Schiffelbein dispatched a Special Task Force Unit to the residence of Mr. Jones . . . whose purpose was to seize Mr. Jones. This Task Force intentionally invaded Mr. Jones residence with their guns drawn, bring Mr. Jones out of the house, demanding that he go down to the police station . . . Arriving at the police station Mr. Jones made contact with Schiffelbein and asked where his kids are? Schiffelbein intentionally withheld the kids to conduct an interrogation . . .
>
> Schiffelbein, acting under color of state law, 'engaged in an 'unlawful, unreasonable and arbitrary investigation' leading to petition's arrest. Defendant knowingly confined plaintiff 3 kids in order to be use as a tactical advantage; dispatched a Special Task Force Unit maliciously bully and intimidate constricting plaintiff's movement; and discriminating plaintiff by unlawfully arresting him based on the description of another black man and ignoring witnesses describing a white male. At the time of first contact defendant had no probable cause to confined kids or invade Mr. Jones resident violating Mr. Jones United States Constitution 4th Amendment right to be free from unreasonable seizures.
>
> . . .
>
> On September 7, 2015, Mr. Jones filed a complaint with the Colorado

Springs Police Department to request an investigation and disciplinary action on Detective Jerry Schiffelbein, who is employed at CSPD.  Mr. Jones stated in this complaint that Schiffelbein knowingly and willfully fabricated a legal document that lead to the prosecution of  Mr. Jones. The CSPD has deliberately ignored Mr. Jones request, hindering Mr. Jones United States Constitutional 1st Amendment right to petition the Government for a redress of grievances.  If the CSPD would have conducted an investigation, Schiffelbein knowingly fabricated evidence, breaching his contract and diminishing his credibility as a peace officer.

. . .

On September 9, 2013, Schiffelbein on multiple occasion demonstrate a pattern of a miscarriage of justice, violating Mr. Jones' rights. Schiffelbein conspired with DHS to have Mr. Jones kids removed from school between the school hour of 8am-3pm, in order to use the kids as a tool to gain a tactical advantage over Mr. Jones.  Violating the kids right to a there education and intentionally depriving the of their right to equal protection against unlawful seizure of a person or persons, without probable cause.

Around 5pm that evening, Schiffelbein dispatched a Special Task Force Unit to the residence of 7761 Monte Christo Bay Court in Fountain, Colorado.  On the orders from Schiffelbein this unit invaded Mr. Jones residence, intentionally bullied and constricting Mr. Jones movement without cause.  The unit demanded that Mr. Jones go down to the Police station for questioning.  As Mr. Jones made an attempt to re-enter his resident to put on some shoes, 3 members from this unit deliberately raised their guns/rifles and yelled out 'Don't go in the house!'  The intent was clear if Mr. Jones re-entered the residence he would have been shot . . . This Unit without probable cause, maliciously invaded and seized Mr. Jones' right to be secure in his person, house, paper, and effects, against unreasonable searches and seizures.

. . .

At no time before, during or at the time of the arrest did Schiffelbein mirandize Mr. Jones or inform he to what nature and cause did he have for an arrest.  Schiffelbein stripped and seized Mr. Jones' personal belongings, violating Mr. Jones' right to equal protection against unlawful seizure of Mr. Jones.

On December 10, 2013, in the District Courtroom of Judge Barney Iuppa, Division 20, in El Paso.  Judge Iuppa swearing Schiffelbeing in awakening his senses and knowingly and wantonly committed perjury in the first degree.  District Attorney Donna Billek questioned Schiffelbeing about his

3

narrative report about the actions of Mr. Jones in the interrogation.  When ask if Mr. Jones had done anything to the victim.  Schiffelbein replied Mr. Jones nodded his head and said, yeah.  Depriving Mr. Jones of his U.S. Constitutional fundamental right to a fair trial guaranteed under the due process.

(ECF No. 6, at 1-4).

Mr. Jones further states that he is suing Defendant because he

•      intentionally and deliberately falsely arrested Andre Jones and his 3 kids aimed at seeking a tactical advantage in his investigation, without probable cause;

•      contrived inculpatory evidence in order to mislead the CSPD;

•      knowingly and willfully omitted exculpatory evidence that Mr. Jones is taller than 5'10 and his 2000 Dodge Dakota has a curved body compared to that of a squared 1993 Dodge Dakota in order to gain an unlawful arrest, search and seize warrant;

•      failed to correct his false statement during Mr. Jones preliminary on December 10, 2013, which would have exonerated Mr. Jones. Resulting in a charge of Murder, conviction, and a court order to terminate Mr. Jones parental rights; and

•      violated Mr. Jones U.S. Constitution and Colorado State Constitution Fourth Amendment right, the right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigative capacity, right to be free from unreasonable seizures, the Fourteenth Amendment Due Process Clause as the right to be free from deprivation of liberty and the manufacture of false evidence as a due process violation.

(ECF No. 6, at 4).

The Amended Complaint is deficient because it fails to allege facts sufficient to state an arguable claim for relief against Defendant.  Mr. Jones was warned in the December 8 Order that in order to state an arguable § 1983 malicious prosecution claim brought under the Fourth Amendment, Plaintiff must allege facts to show that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the

original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Plaintiff does not allege that the criminal charges against him have been dismissed, or that he was adjudicated not guilty. Rather, Plaintiff admits that he was found guilty of murder. Thus, Plaintiff has not alleged a necessary element for a malicious prosecution claim.

Plaintiff also was warned that his § 1983 claim appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Callen v. Wyoming Dept. of Corrections*, No. 14-8057, 608 F. Appx 562, 563 (10th Cir. Mar. 30, 2015) (unpublished) (agreeing with the district court that § 1983 malicious prosecution claim was barred by *Heck*, where there was no indication that plaintiff's conviction had been over-turned).

Finally, the Amended Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff appears to assert a variety of claims but does not provide a clear statement of each claim he intends to assert that he supports with specific factual allegations showing he is entitled to relief. Neither the Court nor Defendant is required to guess what claims are being asserted and the facts that support those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)

("Judges are not like pigs, hunting for truffles buried in briefs.").

In order to comply with the pleading requirements of Rule 8, Mr. Jones must present his claims clearly and concisely in a format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims. Thus, Mr. Jones must identify each specific claim for relief he is asserting, the specific facts that support each asserted claim, and what Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

Mr. Jones is reminded that vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Accordingly, it is

ORDERED that Plaintiff, Andre Jones, file **within thirty (30) days from the date of this order,** a Second Amended Prisoner Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility' s legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED at Denver, Colorado, this  2nd  day of   March  , 2016.


BY THE COURT:

s/ Gordon P. Gallagher

_____
United States Magistrate Judge